By the Court, Monell, J.
The printed circular, which I think was very properly put in evidence, designated the object of the enterprise to be the erection of a parish school house, including a small free chapel for missionary services. The subscriptions and donations which were made, and paid to the defendant, were made in pursuance of such circular, and the sole question to be determined was, to whom such subscriptions and donations belonged.
It seems to have been' assumed by the plaintiffs that, because the defendant was the treasurer of the plaintiffs’ religious corporation, he was the rightful custodian of all moneys raised for any purpose by the congregation; and that, therefore, because the subscriptions and donations *103 made for the erection of a parish school house were paid to him, the fund was necessarily the property of the plaintiffs. The whole of-the plaintiffs’ evidence established no other facts than these: that, at a meeting of the teachers of the Sunday school connected with the church, an amount of money was subscribed and paid to the defendant; and that the defendant was, at the time, the treasurer of the church. The plaintiffs gave no direct evidence that the fund was, in any sense, the property of the church, and seem to have rested their claim upon the mere circumstance of the defendant" being at the time its treasurer, and that the money was subscribed for the erection of a school house. It was not proved that such contemplated school house was to become the corporate, property of the church. Its title may have been, very properly, kept separate from the church property, and vested in special trustees, or in a new. corporation. And it cannot justly be inferred that, because the enterprise originated with, and was conducted by, the teachers of the Sunday school attached to the Church of the Redeemer, therefore the church corporation was to be vested with -the title. The only other evidence of the plaintiffs was, that when the defendant was asked to pay the amount of the fund, he offered to give, as security, a mortgage, which the witness understood was to be given to the church. By this evidence it was doubtless intended to establish a right to the fund, through an admission of the defendant that it belonged to the church. But such an admission, even had it been proved, would not probably, of itself, have been sufficient to entitle the plaintiffs to recover against the claims of other persons, who might establish a paramount right to the fund, and whose claims the defendant was justified in asserting as a defense to the plaintiffs’ action. It is enough, however, to say that no such admission was proved.
The defendant, however, did not rely upon the weakness of the plaintiffs’ case. By his own testimony, which is very strongly and clearly corroborated by .the testimony of the *104 rector of the church, he proved that it was expressly understood that the money collected for the Sunday school building was to have no connection whatever with the church moneys; and that neither the vestry of the church, nor the church corporation, was connected with the enterprise in any way.
Ho attempt was made by the plaintiffs to contradict this evidence; and any verdict of a jury found in opposition to it, could not have been sustained.
The direction, therefore, to find a verdict for the defendant, was correct.
The exceptions must he overruled, and judgment rendered for the defendant upon the verdict.